# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DAMION BROWN**
**and AYANNA BROWN,**

    Plaintiffs,

v.                                                     **CIVIL ACTION NO.: 3:17-CV-10**
                                                                   **(GROH)**

**ROUNDPOINT MORTGAGE SERVICING**
**CORPORATION; QUEEN'S PARK OVAL**
**ASSET HOLDING TRUST; and FLAGSTAR**
**BANK, FSB,**

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Currently pending before the Court is the Plaintiffs' Motion to Remand [ECF No. 6], filed on March 1, 2017. For the reasons set forth below, the Court **GRANTS** the motion.

### I. Procedural Background

On April 30, 2015, the Plaintiffs filed a complaint against the above-named Defendants in the Circuit Court of Harrison County, West Virginia ("the 2015 case"), alleging mortgage loan servicing abuse. ECF No. 1-1 at 4-15. Thereafter, on January 11, 2016, the Plaintiffs filed a complaint against Defendant Roundpoint Mortgage Servicing Corporation ("Roundpoint"), individually, in the Circuit Court of Berkeley County, West Virginia ("the 2016 case"), alleging mortgage loan servicing abuse occurring after

initiation of the Harrison County case.[1] ECF No. 1-3 at 32-36. Both complaints are accompanied by a stipulation maintaining that all damages amount to no greater than $74,999.99. On February 25, 2016, Defendants Roundpoint and Queen's Park Oval Asset Holding Trust ("Queen's Park") filed a motion to transfer the 2015 case to the Circuit Court of Berkeley County, West Virginia. ECF No. 1-3 at 21-37. The motion was granted and the case was transferred on May 13, 2016. ECF No. 1-4 at 19-25.

On July 18, 2016, Defendants Roundpoint and Queen's Park filed a motion to consolidate the 2015 and 2016 cases. ECF No. ECF No. 1-4 at 29-35. More than five months later, on January 13, 2017, the Circuit Court of Berkeley County granted the motion and consolidated the 2015 case into the 2016 case. ECF No. 1-6 at 48-55. The consolidated case was then removed to this Court on January 30, 2017,[2] and on March 1, 2017, the Plaintiffs filed the instant motion to remand.

## II. Applicable Law

Federal courts have limited jurisdiction over cases based upon state law claims. See 28 U.S.C. § 1332(a); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 370-74 (1978); Davis v. Pak, 856 F.2d 648, 652 (4th Cir. 1988). For a district court to contemplate issues of state law, diversity jurisdiction must exist. Additionally, if not originally brought in federal court, a state cause of action based upon diversity may not be removed more than one year after its commencement, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent [removal]." 28 U.S.C. § 1446(c). It is important that

---

[1] The Berkeley County complaint alleges acts by Defendant Roundpoint that occurred on July 16, 2015; August 17, 2015; September 16, 2015; October 16, 2015; and December 16, 2015. ECF No. 1-3 at 33.

[2] Although Defendant Flagstar Bank, FSB ("Flagstar"), did not join in the notice of removal, Defendants Roundpoint and Queen's Park advise that Flagstar never appeared in the 2015 case and, furthermore, reached a settlement agreement with the Plaintiffs.

2

removal jurisdiction be strictly construed and all doubts regarding its existence resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

### III. Discussion

The Plaintiffs argue, based upon the Defendants' untimely removal, that this matter must be remanded to state court. In response, the Defendants contend that the one-year limitation period under 28 U.S.C. § 1446(c) may be extended when required by equity or when failure to remove within the one-year period is a result of the opposing party's bad faith. Both parties agree that the limitations period in this case runs from January 11, 2016: the day on which the complaint against Roundpoint was filed in Berkeley County Circuit Court. It is also undisputed that the Defendants filed their notice of removal on January 30, 2017—nineteen days past the one-year deadline.

Although some courts recognize an equitable exception to the one-year limitation period in § 1446(c), there is no indication that the Fourth Circuit has adopted this approach. See Hamilton v. Ocwen Loan Servicing, LLC, Civil Action No. 9:12-cv-0311-PMD, 2013 WL 499159, at *4 (D.S.C. Feb. 7, 2013); Williamson v. Gravely, Civil Action No. 5:10CV38, 2010 WL 2836122, at *4 (N.D. W. Va. July 19, 2010). Moreover, bad faith must be evinced by more than mere speculation. Here, the Defendants aver that the Plaintiffs' opposition to consolidation of the state court cases was "without any merit and arguably in bad faith." ECF No. 8 at 6. However, a review of the response reveals that the 2016 complaint was based upon Defendant Roundpoint's illegal conduct occurring after the 2015 case was filed, which the Plaintiffs described as "new and separate misconduct." ECF No. 1-4 at 39. According to the Plaintiffs, in light of Defendant

Roundpoint's further misconduct, they "were forced to file an additional suit, asserting their new and unrelated claims." ECF No. 1-4 at 39. It appears that the Defendants' frustration stems from the state court's delay in ruling on the motion to consolidate. Yet, there is no evidence attributing the delay to the Plaintiffs. Thus, the Defendants' threadbare allegation of bad faith, without more, does not justify extension of § 1446(c)'s one-year limitation period.

### IV. Conclusion

Based upon the foregoing, the Court **GRANTS** the Plaintiffs' Motion to Remand [ECF No. 6] and **ORDERS** this case **REMANDED** to the Circuit Court of Berkeley County, West Virginia. The Court declines to award costs and fees associated with removal pursuant to 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to strike this case from the active docket and transmit copies of this Order to all counsel of record and the Circuit Court of Berkeley County, West Virginia.

**DATED:** March 24, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE